UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CIENA CAPITAL FUNDING LLC, SUCCESSOR TO BLX CAPITAL, LLC, AS SERVICING AGENT FOR, AND CML LOAN FUND II LLC,<br><br>Plaintiffs,<br><br>VERSUS<br><br>2330 CANAL PLACE I, LLC, H.E. JONES, LTD., AND ALBERT P. SAUCIER, JR.,<br><br>Defendants. | CASE NO. 08-4056<br><br><br><br><br><br><br><br>SECTION "J"<br><br><br><br><br><br>MAGISTRATE 3 |

*************************************************

## PARTIAL CONSENT JUDGMENT IN FAVOR OF PLAINTIFF, CML LOAN FUND II LLC, AND AGAINST DEFENDANT, 2330 CANAL PLACE I, LLC

Upon considering (a) the Joint Motion for Entry of Partial Consent Judgment in Favor of Plaintiff, CML Loan Fund II LLC, and Against Defendant, 2330 Canal Place I, LLC (the "Joint Motion") filed by plaintiffs, Ciena Capital Funding LLC, as servicing agent for, and CML Loan Fund II LLC, an Illinois limited liability company ("CML"), and Defendant, 2230 Canal Place I, LLC, a Louisiana limited liability company, (sometimes referred to herein as "Defendant"); (b) the Original Complaint as amended by the First Amended Verified Complaint (as amended, the "Complaint") filed by Ciena Capital Funding LLC ("Ciena"), as servicing agent for, and BLX

Conventional Funding Trust I (the "BLX Trust"), predecessors-in-interest to CML, (A) to collect amounts due under Promissory Note, (B) for recognition of Multiple Indebtedness Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing, (C) to collect amounts due under Guaranties, and (D) for issuance of Writ of Sequestration; (c) the answer filed by Defendant, 2330 Canal Place I, LLC; and (d) the voluntary and unconditional acquiescence of Defendant to the entry of this Partial Consent Judgment as evidenced by, among other things, the Joint Motion and the signature of counsel below, and it appearing therefrom that this Partial Consent Judgment should issue and be entered herein, and good cause appearing therefor:

IT IS ORDERED, ADJUDGED AND DECREED that there be, and hereby is, judgment rendered herein in favor of CML recognizing CML as the holder and owner of, among other things, the following instruments:

1. A Promissory Note (Floating Rate Bridge Loan) dated September 21, 2007 in the original principal amount of $5,200,000.00 and made payable to the order of BLX Capital, LLC, a predecessor-in-interest to the BLX Trust and CML, with interest thereon and payable in installments as provided therein (the "Note"), which Note was assigned by BLX Capital, LLC to BLC Capital Funding, LLC, which, in turn assigned the Note to CML by the BLX Trust, which Note was in turn assigned to CML by the BLX Trust and through its servicer, Ciena pursuant to, among other things, (a) a certain Omnibus Assignment dated January 16, 2009, (b) a certain Allonge made in favor of CML, (c) a certain Assignment of Mortgage made by Ciena, in its capacity as servicer for the BLX Trust, in favor of CML recorded on January 30, 2009 in the official records of Orleans Parish, Louisiana, under N.A. Number 2009-05443 as MIN 962254, and (d) certain other sale, transfer, agreements, endorsements and assignment documentation and

instruments effecting the purchase by CML of the Note and all of the related loan documents (collectively, the "Assignment Documents");

2. A Multiple Indebtedness Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated September 21, 2007 and recorded on September 25, 2007 in the official records of Orleans Parish, Louisiana under N.A. Number 2007-66523 as MIN 914386 (the "Mortgage") granted by 2330 Canal Place I, LLC in favor of BLX Capital, LLC, predecessor-in-interest to Ciena, the BLX Trust and CML, its successors and/or assigns, and any future holder or holders of the Note, to secure its obligations under the Note, and in the Mortgage, in which 2330 Canal Place I, LLC granted, among other things, (a) a mortgage that affects the property and improvements that bear the municipal address 2330 Canal Street, New Orleans, Louisiana, which property is more particularly described in the Mortgage and on Exhibit 1 attached hereto and made a part hereof (the "Mortgaged Property"); (b) an assignment of (i) existing and future leases, subleases, subtenancies, licenses, occupancy agreements and concessions relating to the use and enjoyment of all or any part of the Mortgaged Property (the "Leases") and any and all guarantees and other agreements relating to or made in connection with any of the foregoing and all present and future leases, subleases, licenses, concessions or grants or other possessory interests now or hereafter in force, whether oral or written, covering or affecting the Mortgaged Property, or any portion of the Mortgaged Property, and (ii) all present and future rents, revenues, income, issues, royalties, profits and other benefits derived from the Mortgaged Property (the "Rents"); and (c) a security interest in all personal property owned by Defendant, which property is more particularly described in the Mortgage and on Exhibit 1 attached hereto and made a part hereof (the "Personal Property"), the rents and all proceeds,

797457.9

3

including all claims to and demands for them, of the voluntary of involuntary conversion of any of the land and improvements or the other property described above into cash or liquidated claims, including proceeds of all present and future fire, hazard or casualty insurance policies and all condemnation awards or payments now or later to be made by any public body or decree by any court of competent jurisdiction for any taking or in connection with any condemnation of eminent domain proceeding, and all causes of action and their proceeds for any breach of warranty, misrepresentation, damage or injury to, or defect in, the land, the improvements or the other property described above or any part of them; and all proceeds of, additions and accretions to, substitutions and replacements for, and changes in any of the property described above (the "Proceeds"; the Mortgaged Property, the Leases, the Rents, the Personal Property and the Proceeds may be referred to collectively as the "Collateral"), all of which Collateral is more particularly described in the Mortgage, the entirety of which is incorporated herein by this reference, which Mortgage was assigned to CML pursuant to the Assignment Documents; and

3. A UCC-1 Financing Statement filed on July 29, 2008 in connection with the Mortgage under UCC File No. 36-944408 (the "UCC-1"), which financing statement covered the UCC collateral described on Exhibit 1 attached hereto and made a part hereof, which UCC-1 was assigned to CML pursuant to the Assignment Documents; and CML is recognized as the holder of the Note and assignee and owner of the Mortgage and all of the other related loan and guaranty documents.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be and hereby is, judgment rendered in favor of CML and against the Defendant, 2330 Canal Place I, LLC in the principal sum of $5,199,533.65, plus (1) interest from October 1, 2007 through June 2, 2008, late

797457.9

charges, past due escrow payments and miscellaneous expenses in the amount of $277,049.34, $13,852.47, $127,735.77 and $1,331.41, respectively, less amounts held in escrow in the amount of $51,663.96 as of June 2, 2008; (2) interest accruing after June 2, 2008 at the rate of $649.94 per day until all of the amounts due and all obligations owed to CML are paid in full; (3) late fees in the amount of $22,182.14; (4) lender fees, costs and expenses, including attorney's fees, in the amount of $247,420.67 as of March 31, 2009; (5) reasonable attorneys' fees; (6) all costs of these proceedings, including all attorneys' fees and costs and expenses of the keeper incurred in the course of its administration to the extent such costs have not been satisfied out of revenues previously received by the keeper, the amount of which attorneys' fees, expenses and costs incurred in connection with this case shall be established by a motion filed by CML no later than fourteen (14) business days after the entry of this Partial Consent Judgment; and (7) such other costs and charges as are permitted by the Note and Mortgage; plus all reasonable attorneys' fees, costs, and expenses incurred by CML in connection with the collection of this Partial Consent Judgment.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be, and hereby is, judgment rendered in favor of CML and against Defendant, 2330 Canal Place I, LLC recognizing and maintaining the validity and enforceability of, the liens created by, the security interests granted by and the rights and remedies set forth in:

1. the Mortgage, and

2. the UCC-1.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any and all claims and affirmative defenses of Defendant, 2330 Canal Place I, LLC, including,

797457.9

without limitation, all of those alleged by 2330 Canal Place I, LLC in its Answer, Defenses, Offset Claim to Verified Complaint filed in this case, be and are hereby, denied and dismissed WITH PREJUDICE.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all of Ciena's, the BLX Trust's and CML's rights and claims against Albert P. Saucier, Jr. and H.E. Jones, Ltd., including, without limitation, the claims asserted in this case in connection with the Guaranty Agreements executed by H.E. Jones, Ltd. and Albert P. Saucier, Jr., each dated September 21, 2007, copies of which are attached to the Complaint as Exhibits 5 and 6, be, and are hereby, reserved and preserved.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because this Honorable Court hereby expressly determines that, pursuant to Federal Rule of Civil Procedure 54, there is no just reason for delay, this Partial Consent Judgment in Favor of Plaintiff, CML Loan Fund II LLC, and Against Defendant, 2330 Canal Place I, LLC be, and is hereby, declared to be a final judgment pursuant to Federal Rule of Civil Procedure 54 as to the claims asserted by CML against 2330 Canal Place I, LLC.

New Orleans, Louisiana this __27th__ day of April, 2009.

_____
UNITED STATES DISTRICT JUDGE

AGREED AS TO SUBSTANCE AND FORM:

MCGLINCHEY STAFFORD, PLLC

By: _____
RICHARD A. AGUILAR (#17439), T.A.
SUSAN M. TYLER (#18034)
EDWARD L. FENASCI (#24793)
601 Poydras Street, 12th Floor

797457.9

New Orleans, Louisiana 70130
Telephone: (504) 586-1200
**Attorneys for Ciena Capital Funding LLC,
as servicing agent for, and
CML Loan Fund II LLC**

**LAW OFFICE OF EMILE L. TURNER, JR., L.L.C.**

By: _____
**EMILE L. TURNER, JR. (#12963)
LEO D. CONGENI** *Of Counsel* **(#25626)**
424 Gravier Street
New Orleans, Louisiana 70130
Phone: 504-586-9120
**Attorneys for 2330 Canal Place I, LLC**

**EXHIBIT 1**

**DESCRIPTION OF MORTGAGED PROPERTY AND PERSONAL PROPERTY**

TRACT I

A CERTAIN PIECE OR PORTION OF GROUND, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the FIRST DISTRICT of the City of New Orleans, in SQUARE 552, bounded by Canal, South Miro and South Tonti Streets, and Cleveland Avenue, which said piece or portion of ground, according to a certificate of survey made by John M. Krebs, Registered Land Surveyor, dated July 21, 1952, forms the corner of Canal Street and South Tonti Street, and the corner of South Tonti Street and Cleveland Avenue, and measures 117 feet 11 inches 1 line by a depth and front on South Tonti Street of 147 feet 11 inches 1 line by a depth and front on South Tonti Street of 320 feet 2 inches 1 line and by a first depth on the side towards south Miro Street of 135 feet 4 inches 4 lines thence widening on a line in the direction of South Miro Street and extending to Cleveland Avenue, a distance of 30 feet 0 inches 0 lines, thence by a second depth parallel to South Miro Street and extending to Cleveland Avenue, a distance of 184 feet 9 inches 5 lines. Said piece or portion of ground is composed of the whole of original LOTS 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17.

In accordance with the survey of J. J. Krebs & Sons, Inc., dated March 1, 1972, and resurveyed June 4, 1977, a print of which is annexed to an act of sale dated June 15, 1977, registered in COB 744, folio 247, said property is located, designated and measures as above except that the second depth parallel to South Miro Street and extending to Cleveland Street is shown a distance of 184 feet 9 inches 5 lines actual (184 feet 8 inches 6 lines title). All as more fully shown on survey made by BFM Corporation, Surveyors, dated September 12, 1984, last recertified January 26, 1993, except that the depth and front on South Tonti Street is shown as 320 feet 2 inches 1 line actual (319 feet 8 inches 6 lines title), and except that the first depth on the side towards South Miro Street is shown as 135 feet 4 inches 4 lines actual (135 feet title). All as more fully shown on a survey by Gilbert, Kelly & Couturie, Inc., dated August 21, 1997.

TRACT II

THAT PORTION OF GROUND, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes,

797457.9

1

appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the FIRST DISTRICT of the City of New Orleans, in SQUARE 552, bounded by Canal Street, Cleveland Avenue (formerly Gasquet Street), South Miro and South Tonti Streets, designated by the LOT NO. 18, and measuring 30 feet front on Cleveland Avenue by a depth of 120 feet 8 inches 6 lines between parallel lines.

In accordance with the survey of J. J. Krebs & Sons, Inc., dated March 1, 1972, and resurveyed June 4, 1977, a print of which is annexed to an act of sale dated June 15, 1977, registered in COB 744, folio 247, the said portion of ground is located, measures and is designated as above except that its depth is shown as 120 feet 9 inches 5 lines actual (120 feet 8 inches 6 lines title), and the said lot commences at a distance of 147 feet 11 inches 1 line, from the corner of Cleveland Avenue and South Tonti Street. All as more fully shown on survey made by BFM Corporation, Surveyors, dated September 12, 1984, last recertified January 26, 1993. All as more fully shown on a survey by Gilbert, Kelly & Couturie, Inc., dated August 21, 1997.

The improvements thereon bear the Municipal No. 2330 Canal Street, New Orleans, Louisiana 70119.

Together with:

(b) all additional lands, estates and development rights for use in connection with the Land and its development; (c) all buildings, structures, improvements, fixtures, additions, extensions, repairs, replacements and appurtenances now or hereafter placed on the Land (the "Improvements"); (d) all easements, rights of way or use, sewer rights, water, water rights (whether riparian, appropriative, or otherwise, and whether or not appurtenant to the Land) and shares of stock pertaining to such water or water rights, ownership of which affect such real property; all minerals, oil, gas, and other hydrocarbon substances and rights thereto in, or, under, or upon the Land, air rights and all estates, rights, titles, interests, privileges, liberties, servitudes, tenements, hereditaments and appurtenances of any nature whatsoever relating to or belonging to the Land and Improvements and the reversions and remainders, and all land lying in the bed of any street in front of or adjoining the Land, to the center line thereof; (e) all crops (growing or to be grown on the Land) and all standing timber upon such Land; (f) all equipment, fixtures (including, but not limited to, all heating, air conditioning, plumbing, lighting, communications and elevator fixtures), furniture, and other articles of personal property now or hereafter owned by 2330 Canal Place I, LLC, now or hereafter attached or affixed to the Land and Improvements and

forming an integral or component part of the Property in accordance with the Louisiana Civil Code; together with all accessions, parts, and additions to, all replacements of , and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition thereof (collectively, the "Personal Property"); (g) all existing and future leases, subleases, subtenancies, licenses, occupancy agreements and concessions relating to the use and enjoyment of all or any part of such Land and the Improvements, and any and all guaranties and other agreements relating to or made in connection with any of the foregoing; (h) all present and future rents, revenues, income, issues, royalties, profits, and other benefits derived from the Land and the Improvements or the other property described above (the "Rents"); (i) all proceeds, including all claims to and demands for them, of the voluntary or involuntary conversion of any of the Land and Improvements or the other property described above into cash or liquidated claims, including proceeds of all present and future fire, hazard or casualty insurance policies and all condemnation awards or payments now or later to be made by any public body or decree by any court of competent jurisdiction for any taking or in connection with any condemnation or eminent domain proceeding, and all causes of action and their proceeds for any breach of warranty, misrepresentation, damage or injury to, or defect in, the Land and Improvements or the other property described above or any part of them; and (j) all proceeds of, additions and accretions to, substitutions and replacements for, and changes in any of the property described above.

797457.9